Robert Ernest MURRAY et al., Appellants,

v.

Betty LAWSON et al., Appellees.

Court of Appeals of Kentucky.

May 9, 1969.

Louis N. Garlove, Carl J. Bensinger, Morris, Garlove, Waterman & Johnson,

Louisville, James M. Collier, Faurest & Collier, Elizabethtown, for appellants.

Harold K. Huddleston, Elizabethtown, for appellees.

CLAY, Commissioner.

Although this litigation had its origin in a three-car collision, the only issue on appeal relates to the admissibility of evidence. It is the contention of appellant that medical testimony admitted at the trial was incompetent.

On the night of December 21, 1963, appellees, Richard Lawson and Betty Lawson, his wife, were driving in Lawson's car when it stalled in the right driving lane for southbound traffic on U.S. 31-W. A car driven by appellee Allen approached the Lawson car from the rear. Another car operated by appellant Murray, trailing the Allen car, collided with it and propelled the Allen car into the Lawson car. Mr. and Mrs. Lawson sustained superficial physical injuries in this collision. The Lawsons sued Allen and Murray. The trial court peremptorily instructed the jury to find for the Lawsons against either or both of the defendants. The jury exonerated Allen and awarded Mrs. Lawson $10,-000 and Mr. Lawson $1,500 against Murray. On this appeal Murray relies solely on the claimed inadmissibility of the evidence of one witness, Dr. Presley F. Martin.

After receiving first-aid treatment at a nearby hospital, the Lawsons were released and went home. The accident occurred on Saturday night, and on the following Monday Mrs. Lawson consulted Dr. C. B. Clegg at Elizabethtown. X-ray and clinical examination of Mrs. Lawson by Dr. Clegg disclosed no fracture or dislocation, although Mrs. Lawson complained of pain in the region of the neck. He prescribed a cervical collar for support. She continued to see Dr. Clegg at irregular intervals, complaining of headaches and dizziness accompanied with extreme nervousness.

Dr. Clegg referred her to Dr. J. W. Bradbury at Hodgenville who obtained the case history from her and observed that "she was very nervous and had many bizarre complaints" which he treated symptomatically. Dr. Bradbury said that his treatment of Mrs. Lawson was directed toward relieving her apparent "anxiety neurosis" and that the treatment of her actual physical injuries was under the supervision of Dr. Clegg. Dr. Bradbury saw Mrs. Lawson twenty times and said that her condition became progressively worse until he deemed that psychiatric care was urgent. He explicitly stated that in his opinion Mrs. Lawson was not a malingerer and that the anxiety neurosis caused the symptoms of which she complained to actually exist "in her mind" and that those symptoms and the condition he observed in her were definitely disabling. In the doctor's language: "Well, she was totally disabled as far as being able—being capable of holding a job, be a 100% disability, I suppose."

The psychiatrist to whom Mrs. Lawson was referred by Dr. Bradbury was Dr. Presley F. Martin of Louisville. Dr. Martin interviewed Mrs. Lawson, in company with her husband, for about an hour on February 25, 1966. He made no physical examination of her but obtained her history as she and her husband related it and, of course, observed her and evaluated the statements made to him by Mrs. Lawson on that occasion. Dr. Martin did not see her any more but recommended that she be hospitalized for psychiatric treatment.

In his deposition Dr. Martin said that he diagnosed Mrs. Lawson's condition as "phobic reaction." He defined phobic reaction as: "An irrational fear. Fear out of porportion to the reality situation." He testified that such phobic reaction is medically recognized and accepted as a psychiatric condition and confirmed the statements of Dr. Clegg and Dr. Bradbury that Mrs. Lawson is not a malingerer. On direct examination Dr. Martin expressed his opinion that the phobic reaction of

which he had testified resulted from the injuries and traumatic experience sustained in the automobile accident. On cross-examination he candidly admitted that he could not "with reasonable medical certainty" state that the phobic reaction condition of Mrs. Lawson was caused by the accident. On redirect examination, in responding to a hypothetical question, Dr. Martin reiterated his view that the patient's condition resulted from the accident but again admitted on further cross-examination that he could not testify to that conclusion "with medical certainty." He later explained that this qualification of his answer to the hypothetical question was based on the fact that he had not personally verified the preaccident and postaccident history as given him by Mr. and Mrs. Lawson.

The trial court overruled appellant's motion to exclude Dr. Martin's deposition, and appellant relies on that ruling as the sole basis for this appeal.

There was no countervailing evidence, medical or lay, offered by the appellant. In Rudder v. Ohio State Life Insurance Company, Ky., 389 S.W.2d 448, and Green Valley Coal Company v. Carpenter, Ky., 397 S.W.2d 134, relied on by appellant, we held that the equivocal medical testimony presented by one side of the litigation lacked the probative value required to refute or place in issue the positive and unequivocal medical testimony presented against it. The appellant may have no comfort from either of those decisions because he offered no evidence to refute the medical testimony presented in behalf of Mrs. Lawson. Neither did he undertake any evidentiary attack on the testimony which reflected that before the accident Mrs. Lawson had been entirely normal.

The account of Mrs. Lawson's physical and mental conditions as presented in the hypothetical questions answered by Dr. Martin was adequately substantiated by the testimony of Dr. Clegg and Dr. Bradbury as well as by other evidence relating to her history before and after the accident. It

is significant also that Drs. Clegg and Bradbury expressed their unqualified opinions that Mrs. Lawson's condition was attributable to the accident. In these circumstances it seems clear that the trial court properly admitted Dr. Martin's deposition, and no merit is found in appellant's attack upon that ruling.

The appellant does not attack the verdict as excessive nor does he suggest any basis for reversal of the judgment in favor of Mr. Lawson. Neither does the appellant assert entitlement to reversal respecting that portion of the judgment absolving appellee Allen from liability.

The judgment is affirmed.

All concur.